# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

WILLIE JUNIOR LEE                                                                                        PLAINTIFF

V.                                         4:08CV000091 JLH/JTR

CHRIS SCHMECKENBECHER, et al.                                                      DEFENDANTS

## ORDER

On July 23, 2008, Defendant Chris Schmeckenbecher filed a Motion for Summary Judgment (docket entry #20), a Brief in Support (docket entry #21), and a Statement of Undisputed Material Facts. (Docket entry #22.) The Court concludes that a Response from Plaintiff would be helpful to the resolution of that Motion.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). This means that Plaintiff's Response must include his legal arguments, as well as affidavits,[1] prison records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Furthermore, pursuant to Local Rule 56.1, Plaintiff must *also separately* file a Statement of Disputed Material Facts, which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in Defendant's Statement of Undisputed Material Facts (docket entry #22); and (b) any other disputed facts that he believes must be resolved at a hearing or trial.[2]

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit *and must be either*: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

[2] Specifically, Defendant's Statement of Undisputed Material Facts contains 26 separately numbered paragraphs containing assertions of allegedly undisputed fact. *See* docket entry #22.

Finally, Plaintiff is advised that, if he intends to rely upon documents that have been previously filed with the Court, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 335 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff shall file, **within thirty days of the entry of this Order**, a Response and a Statement of Disputed Material Facts that comply with the Fed. R. Civ. P. 56, Local Rule 56.1, and the instructions set forth in this Order.

2. Plaintiff is advised that the failure to timely and properly comply with this Order could result in: (a) the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2); or (b) all of the facts set forth in Defendant's summary judgment papers being deemed admitted by Plaintiff, pursuant to Local Rule 56.1(c).

Dated this 28th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

---

Plaintiff's Statement of Disputed Material Facts must contain 26 separately numbered paragraphs that respond *directly* to each of Defendant's corresponding paragraphs. For instance, Plaintiff's paragraph 1 should state whether he agrees or disagrees (and why) with *only* the factual assertions contained in paragraph 1 of Defendant's Statement of Undisputed Material Facts. After Plaintiff has done so for *each* of Defendant's separate paragraphs, Plaintiff may list (in separately numbered paragraphs starting with 27) any additional *disputed material* facts that he believes must be resolved at a hearing or trial.